

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 20, 1990

Honorable Jack Skeen, Jr.　　Opinion No. JM-1160
Criminal District Attorney
Smith County Courthouse　　Re:　Authority of a county to
Tyler, Texas　75202　　make exceptions to its standard
sick leave policy　(RQ-1938)

Dear Mr. Skeen:

You ask the following questions:

> 1. May a county grant additional sick leave to a county employee who has exhausted his allowed sick leave?

> 2. May a county permit county employees to transfer or pool their unused sick leave for the benefit of another county employee who has exhausted his allowed sick leave?

Section 152.011 of the Local Government Code, formerly article 3912k, V.T.C.S., provides:

> The commissioners court of a county shall set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds.

This office has concluded that sick leave benefits constitute "compensation . . . and all other allowances" for the purpose of section 152.011. Attorney General Opinions JM-910 (1988); H-860 (1976).

Your first question concerns the granting of additional sick leave to a county employee who has exhausted his sick leave. Since sick leave is considered a form of compensation or allowance, there would appear to be a constitutional problem in granting sick leave retroactively. Article III, section 53, of the Texas Constitution prohibits a county from making "any extra compensation, fee or allowance" for county employees retroactive. See Attorney General Opinion JM-1113 (1989).

Section 152.013(a) of the Local Government Code provides that the commissioners court shall set "salary, expenses, and other allowances of elected county or precinct officers" at a regular meeting of the court during the regular budget hearing and adoption proceedings. However, opinions of this office have concluded that compensation for county employees may be set at any time of the year. Attorney General Opinions JM-1113 (1989); JM-839 (1988); H-11 (1973). We believe that the commissioners court may set guidelines for additional sick leave for county employees to become effective prospectively any time during the year. The fact that one employee may receive greater sick leave than another employee would appear to be permissible so long as the additional benefits conferred under the guidelines are not dependent upon factors that might constitute an abuse of discretion. See Attorney General Opinion JM-910, supra.

In your second question you ask whether a county may permit its employees to transfer or pool their annual sick leave for the benefit of another employee. Commissioners courts may exercise only such powers as the constitution or the statutes have specifically conferred upon them, or which may be reasonably inferred from a specific power. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Tex. Const. art. V, § 19.

Article 6252-8e, V.T.C.S., which became effective September 1, 1989, provides for the creation and operation of a sick leave pool for state employees. However, there is no statutory provision authorizing the implementation of a sick leave pool for county employees.

The question is presented whether it may be reasonably inferred from the authority granted commissioners courts to set compensation and other allowances that the court has the power to grant employees permission to transfer sick leave into a pool for the benefit of an employee who has exhausted his sick leave. A sick leave pool does more than provide compensation to employees. It provides an administrative structure for transferring sick leave from one employee to another, and thus is not authorized by section 152.011 of the Local Government Code.

Attorney General Opinion JM-1019 (1989) concluded that absent an authorization by the legislature permitting an official to donate a portion of his salary to the county,

a county commissioner may not make such a contribution.[1] But see Local Gov't Code § 152.002 (statute adopted after issuance of Attorney General Opinion JM-1019 allows county to accept donation of officer's salary).

We conclude that a commissioners court, absent legislative authorization, may not grant county employees permission to transfer a portion of their sick leave for the benefit of another county employee.

## S U M M A R Y

The commissioners court may set guidelines for additional sick leave for county employees to become effective prospectively. The commissioners court may not authorize county employees to transfer unused sick leave into a sick leave pool for the benefit of other employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General

---

1. Section 152.052 of the Local Government Code provides that if an elected county officer files an affidavit with the county clerk stating that the officer elects not to be paid for the officer's services, the county payroll officer may not issue a paycheck to the officer.